Joseph D. Steward, III, Esq. (#337385)
Kimmel & Silverman, P.C.
1055 West 7th Street, 33rd Floor
Los Angeles, CA 90017
Phone: (213) 340-7770 x 134
Telephone: 215-540-8888 x 134
Facsimile: 215-540-8817
jsteward@creditlaw.com
teamkimmel@creditlaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELLY LATIMER, THOMAS CAPON AND MARJAN SHANSAB<br><br>Plaintiffs,<br><br>v.<br><br>LOAN DEPOT, LLC<br><br>Defendant. | Case No.: 8:21-cv-2104<br><br>COMPLAINT FOR DAMAGES<br>1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET. SEQ.<br>2. TEXAS BUSINESS & COMMERCIAL CODE §302.101, ET. SEQ.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Shelly Latimer, Thomas Capon and Marjan Shansab (hereinafter referred to as "Plaintiffs"), by and through their attorneys, Kimmel & Silverman, P.C., alleges the following against Loan Depot, LLC (hereinafter referred to as "Defendant"):

# INTRODUCTION

1. Plaintiffs' Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 and § 302.101 of the Texas Business & Commercial Code.

# JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendant as it regularly and systematically conducts business in the State of California.

4. Defendant maintains its corporate headquarters within the Central District of California at 26642 Towne Centre Drive, Foothill Ranch, CA 96210.

5. This Court has supplemental jurisdiction over Plaintiffs' related state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2).

## PARTIES

7. Plaintiff, Shelly Latimer, is a natural person residing in Rockwall, Texas 75087.

8. Plaintiff, Thomas Capon, is a natural person residing in Memphis, Tennessee 38018.

9. Plaintiff, Marjan Shansab, is a natural person residing in McKinney, Texas 75071.

10. Plaintiffs are each, individually, a "person" as that term is defined by 47 U.S.C. § 153(39).

11. Loan Depot, LLC is a corporation with its principal place of business, head office, or otherwise valid mailing address at 26642 Towne Centre Drive, Foothill Ranch, CA 96210.

12. Loan Depot, LLC is a "person" as that term is defined by 47 U.S.C. § 153(39).

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

14. At all times relevant hereto, Plaintiff, Shelly Latimer owned a cell phone, the number for which was (972)- XXX-4989.

15. Ms. Latimer used her cell phone for primarily residential purposes.

16. At all times relevant hereto, Plaintiff, Thomas Capon owned a cell phone the number for which was (901)-XXX-8272.

17. Mr. Capon used that cell phone for primarily residential purposes.

18. At all times relevant hereto, Plaintiff, Marjan Shansab owned a cell phone the number for which was (214)-XXX-5358.

19. Ms. Shansab used that cell phone for primarily residential purposes.

20. Plaintiff, Shelly Latimer registered her cell phone number ending in 4989 on the Federal Do Not Call Registry in or around February 12, 2005.

21. Plaintiff, Thomas Capon registered his cell phone number ending in 8272 on the Federal Do Not Call Registry in or around September 29, 2005.

22. Plaintiff, Marjan Shansab registered her cell phone number ending in 5358 on the Federal Do Not Call Registry in or around March 5, 2010.

23. Plaintiffs registered their cell phone numbers on the Do Not Call list in order to obtain solitude from invasive and harassing telemarketing calls.

24. Loan Depot, LLC is a company that engages in telemarketing in order to solicit direct-to-consumer loans.

25. Beginning in or around January 2020, Defendant placed a series of telemarketing calls and text messages to Plaintiffs in order to solicit direct-to-consumer loans.

26. Defendant's phone calls to Plaintiffs utilized an automatically generated and/or pre-recorded voice.

27. For instance, Plaintiff Thomas Capon received a call from Defendant on January 6, 2020. When Plaintiff Capon answered, a pre-recorded voice played with the following message, "Hi, this is Savannah from LoanDepot with some great news regarding your recent mortgage refinance application. If you're no longer interested in mortgage information, please press '#' to opt out or call us at (866) 965-9011. We are missing just a few pieces of critical information necessary in getting you fully approved and it will only take a few minutes of your time. I will be here until 8 pm Pacific time to assist you, so please call me back at (866) 965-9011."

28. On March 21, 2020, Plaintiff Marjan Shansab received a call from Defendant with the exact pre-recorded message as described in ¶24.

29. Also on January 6, 2020, Plaintiff Thomas Capon received another call from Defendant. When Plaintiff Capon answered, a pre-recorded voice played with the following message, "Hi, this is Savannah calling again from LoanDepot, one of the largest home loan lenders in the country and I have some great news regarding your application. If you're no longer interested in mortgage information, please press '#' to opt out or call us at (866) 965-9011. I will be here until 8 pm

Pacific time to answer any questions you may have, so please call me back at (866) 965-9011."

30. On March 27, 2020, Plaintiff Marjan Shansab received a call from Defendant with the exact pre-recorded message as described in ¶ 26.

31. Plaintiffs did not consent to receive any calls or texts from Defendant.

32. Defendant placed at least 36 calls and texts to Shelly Latimer without her prior express consent.

33. A list of those calls follows below:

| Date/Time: | Caller ID: |
|---|---|
| 12-24-19 @ 12:31pm | 949-330-4503 |
| 02-10-20 @ 8:15am | 888-895-4354 |
| 02-10-20 @ 12:46pm | 888-895-4354 |
| 02-11-20 @ 12:22pm x 2 (text) | 888-895-0254 |
| 02-12-20 @ 1:37pm x 2 (text) | 888-895-0254 |
| 02-13-20 @ 2:19pm x 2 (text) | 888-895-0254 |
| 02-13-20 @ 7:10pm | 855-936-1820 |
| 02-15-20 @ 2:52pm | 877-533-6619 |
| 02-17-20 @ 10:04am | 949-595-7015 |
| 02-17-20 @ 12:45pm | 949-609-6557 |
| 02-17-20 @ 12:50pm | 877-533-6619 |
| 02-17-20 @ 2:41pm | 877-533-6619 |
| 02-18-20 @ 3:12 pm | 949-609-6665 |
| 02-18-20 @ 3:13pm x 4 (text) | 949-609-6665 |
| 02-18-20 @ 6:38pm (text) | 949-609-6665 |
| 02-18-20 @ 6:39pm (text) | 949-609-6665 |
| 02-18-20 @ 6:41pm x 2 (text) | 949-609-6665 |
| 02-18-20 @ 6:50pm x 2 (text) | 949-609-6665 |
| 02-18-20 @ 7:01pm (text) | 949-609-6665 |
| 02-18-20 @ 7:11pm (text) | 949-609-6665 |
| 02-18-20 (text) | 949-609-6665 |
| 02-18-20 @ 7:14pm (text) | 949-609-6665 |
| 02-21-20 @ 3:34pm | 949-652-4095 |
| 02-24-20 @ 12:13pm | 949-330-4503 |
| 04-09-20 | 949-609-6665 |

| Date/Time | Caller ID |
|---|---|
| 04-13-20 @ 12:00pm | 949-652-4095 |
| 04-29-20 @ 12:43pm | 949-653-4095 |
| 4-29-20 @ 12:50pm | 949-653-4095 |

34. Loan Depot placed at least 11 texts and calls to Thomas Capon's cell phone ending in 8272 without his prior express consent.

35. A list of those calls follows below:

| Date/Time: | Caller ID: |
|---|---|
| 01-06-20 @ 1:24pm | 901-437-7855 |
| 01-06-20 @ 1:26pm | 901-437-7855 |
| 01-06-20 @ 2:28pm | 901-437-7855 |
| 01-06-20 @ 2:29pm | 901-437-7855 |
| 01-14-20 @ 2:58pm | 901-437-7855 |
| 01-16-20 @ 8:14am | 615-567-9112 |
| 01-16-20 @ 2:11pm | 615-567-9112 |
| 01-16-20 @ 5:08pm | 615-567-9112 |
| 01-17-20 @ 4:31pm | 615-567-9112 |
| 01-20-20 @ 6:15pm | 615-567-9112 |
| 01-21-20 @ 3:04pm | 615-567-9112 |

36. Loan Depot placed at least 13 calls and texts to Plaintiff Marjan Shansab's cell phone ending in 5358 without his prior express consent.

37. A list of those calls follows below:

| Date/Time: | Caller ID: |
|---|---|
| 05-21-20 @ 4:27pm | 855-807-9606 |
| 05-21-20 @ 5:30pm | 855-807-9606 |
| 05-21-20 @ 5:47pm | 855-807-9606 |
| 05-21-20 @ 6:19pm | 855-807-9606 |
| 05-22-20 @ 8:10am | 855-807-9606 |
| 05-22-20 @ 1:07pm | 855-807-9606 |
| 05-22-20 @ 5:03pm | 855-807-9606 |

| | |
|---|---|
| 05-23-20 @ 12:44pm | 855-807-9606 |
| 05-26-20 @ 9:13am | 855-807-9606 |
| 05-26-20 @ 2:47pm | 855-807-9606 |
| 05-26-20 @ 6:28pm | 855-807-9606 |
| 05-27-20 @ 8:36am | 855-807-9606 |
| 05-27-20 @ 11:16am | 855-807-9606 |

38. Furthermore, Plaintiffs have learned that Defendant is not registered to do business as a telephone solicitor with the Texas Secretary of State, despite the obligation to do so when soliciting business through telemarketing to residents of Texas.

39. Despite failing to register as a telephone solicitor in Texas, Loan Depot placed telemarketing calls to Plaintiff's "972" area code. The 972 area code is associated with the Dallas-Fort Worth region of Teas.

40. Loan Depot also placed telemarketing calls to Shansab on her "214" area code cell phone number. The 214 area code is also associated with the Dallas-Fort Worth area of Texas.

41. As a result of the foregoing, Plaintiffs experienced frustration, annoyance, disruption and irritation.

42. The foregoing acts and omissions were in violation of the TCPA and Texas Business and Commercial Code.

# PRAYER FOR RELIEF

## COUNT I: DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(b)

43. Plaintiffs incorporate the foregoing paragraphs as through the same were set forth at length herein.

44. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the calling has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

45. Federal Communications Commission (FCC) reasonably interpreted TCPA to prohibit any call, including both voice and text call, using automatic telephone dialing system (ATDS) or artificial or prerecorded message to any wireless telephone number, and thus, "call" within meaning of TCPA included text message to consumers' cellular telephones by publisher and mobile marketing firm to advertise publication of novel. Telephone Consumer Protection Act of 1991, § 3(a), 47 U.S.C.A. § 227(b)(1)(A)(iii). Satterfield v. Simon & Schuster, Inc., 569 F.3d 946 (9th Cir. 2009)

46. Defendant initiated multiple calls and texts to Plaintiffs' telephone numbers using an automatically generated or pre-recorded voice.

47. Defendant's calls and texts were not made for "emergency purposes."

48. Defendant's calls and texts to Plaintiffs were made without any prior express written consent.

49. Defendant's calls to Plaintiffs were made despite the fact that Plaintiffs' numbers were on the Do Not Call Registry.

50. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law and with the purpose of harassing Plaintiffs.

51. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

52. As a result of the above violations of the TCPA, Plaintiffs have suffered the losses and damages as set forth above entitling them to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANTS VIOLATED THE TCPA 47 U.S.C. § 227(c)(5)

54. Plaintiffs incorporate the forgoing paragraphs as though the same were set forth at length herein.

55. 47 U.S.C. § 227(c)(5) of the TCPA and its accompanying regulatory code, 64. C.F.R. § 64.1200(d), prohibit any person or entity of initiating any

telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

56. Defendant contacted Plaintiffs despite the fact that each Plaintiff had registered his or cell phone number on the Do Not Call registry.

57. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law and with the purpose of harassing Plaintiffs.

58. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

59. As a result of the above violations of the TCPA, Plaintiffs have suffered the losses and damages as set forth above entitling them to an award of statutory, actual and trebles damages.

**COUNT III**
**DEFENDANT VIOLATED § 302.101 OF**
**THE TEXAS BUSINESS & COMMERICAL CODE**
(*Shelly Latimer and Marjan Shansab v. Loan Depot*)

60. Plaintiffs incorporate the forgoing paragraphs as though the same were set forth at length herein.

61. Plaintiff Shelly Latimer and Marjan Shansab, are "consumers" as defined by § 301.001(2) of the Texas Business and Commerce Code.

62. Defendant is a "telephone solicitor" as defined by § 301.001(5) of the Texas Business & Commerce Code.

63. §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

64. Defendant violated § 302.101 of the Texas Business & Commercial Code when its representatives engaged in continuous and repetitive telephone solicitation of Plaintiff Shelly Latimer and Marjan Shansab without obtaining a registration certificate from the Office of the Secretary of State.

65. §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

WHEREFORE, Plaintiffs, Shelly Latimer, Thomas Capon and Marjan Shansab respectfully pray for judgment as follows:

    a.    All actual damages Plaintiffs suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

    b.    Statutory damages of $500.00 per text/call (as provided under 47 U.S.C. § 227(b)(3)(B));

    c.    Treble damages of $1,500.00 per text/call (as provided under 47 U.S.C. § 227(b)(3));

    d.    Additional treble damages of $1,500.00 per text/call (as provided under 47 U.S.C. § 227(c);

    e.    Statutory damages of $5,000 per violation (as provided under §302.302(a) of the Texas Business & Commerce Code )[1];

    f.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiffs pursuant to §302.302(a) of the Texas Business & Commerce Code

    g.    Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

    h.    Any other relief this Honorable Court deems appropriate.

Respectfully submitted,

Dated: December 22, 2021    By: */s/ Joseph D. Steward*
Joseph D. Steward, III, Esq.
Kimmel & Silverman, P.C.
1055 West 7th Street, 33rd Floor
Phone: 215-540-8888 x 134

---

[1] Sections "e" and "f" pertain only to Shelly Latimer and Marjan Shansab, who are Texas residents with Texas cell phone numbers..

Facsimile: 877-788-2864
jsteward@creditlaw.com
teamkimmel@creditlaw.com